People v Gray (2024 NY Slip Op 04527)

People v Gray

2024 NY Slip Op 04527

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Singh, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Ind No. 1213/21 Appeal No. 2586 Case No. 2023-01749 

[*1]The People of the State of New York, Respondent,
v
Zoe Gray, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellant Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered March 24, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal. The record establishes that the waiver was knowing, intelligent, and voluntary under the totality of the circumstances (see People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]).
Defendant's waiver of his right to appeal forecloses review of his Second Amendment claim (see People v Johnson, 225 AD3d 453 [1st Dept 2024]). Regardless of the validity of the waiver, defendant's claim is also unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to consider it in the interest of justice. As an alternative holding, we find that on the present record, defendant has not demonstrated that he has standing to challenge New York's gun licensing scheme, or that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Castillo, 226 AD3d 573, 575 [1st Dept 2024], lv denied 41 NY3d 1017 [2024]; Johnson, 225 AD3d at 455).
Defendant's contention that his counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal, as it involves matters not reflected in the record, and must be raised in a CPL 440.10 motion (see People v Holder, 224 AD3d 513, 514 [1st Dept 2024]).
Defendant's valid waiver of his right to appeal also forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024